## ZIMMERMAN v. RAINEY et al.

### (Supreme Court, Appellate Term. February 22, 1899.)

1. SHIPPING—ACTION FOR FREIGHT—EVIDENCE.

> Where the defense to an action for the freight of a cargo is that it was carried under special charter by the day, and a bill of lading of the cargo has been introduced, evidence that it is not customary to give a bill of lading where the boat is chartered by the day is admissible.

2. SAME—BILL OF LADING—PAROL TESTIMONY.

> Such evidence is not incompetent, as proving the contents of the bill of lading or varying its terms, where it is neither a special agreement nor the agreement sued on.

Appeal from municipal court, borough of Brooklyn, Second district.

Action by Frederick Zimmerman against William T. Rainey and another. There was a judgment for plaintiff, and defendants appeal. Affirmed.

This action was brought to recover freight on a cargo of coal shipped by defendants, on a boat belonging to the plaintiff, from South Amboy, N. J., to the borough of Brooklyn, this city, at the alleged rate of 16 cents per ton, less advances for towing and trimming. The defendants denied that such was the rate agreed upon, contending that the agreement for carriage was at the rate of $3.50 per day.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Gould & Wilkie, for appellants.
Hyland & Zabriskie, for respondent.

MacLEAN, J. Not only is there evidence to sustain the finding of fact by the court, but, so far as concerns the number of witnesses and the probability of their testimony, coupled with the inference to be drawn from the bill of lading introduced, the preponderance of evidence is in favor of the decision of the court.

Some stress is laid upon the admission of evidence, against objection by the defendants, that when a boat is chartered by the day, as distinguished from hiring for freight, it is not customary to sign a bill of lading for the cargo. The only ground of objection to this evidence was its immateriality. The bill of lading, however, was seemingly neither a special agreement nor the agreement upon which the plaintiff based his cause of action; hence the testimony did not prove or vary its purport, but applied to another fact, namely, that, if the fact

had been as contended for by the defendants, they would not have been able to produce the paper in question.

Judgment affirmed, with costs.  All concur; LEVENTRITT, J., in result.